UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J.C.E.P.,

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

No.  1:25-cv-01559-EFB

ORDER AND NOTICE UNDER RULE 65(a)(2)

Pending before the court is petitioner's Petition for Writ of Habeas Corpus (ECF No. 1); Motion for Preliminary Injunction (ECF No. 2); and Motion to Proceed Via Pseudonym (ECF No. 3); and respondent's Motion to Hold Proceedings in Abeyance (ECF No. 17).  For the reasons set forth below, the court grants petitioner's motion to proceed via pseudonym and denies respondent's motion to hold the proceedings in abeyance.  The court also gives notice of its intent to consolidate petitioner's request for preliminary injunctive relief with the determination of the merits of the petition under Federal Rule of Civil Procedure 65(a)(2).

**BACKGROUND AND PROCEDURAL HISTORY**

On November 14, 2025, petitioner filed a Petition for Writ of Habeas Corpus; a Motion Temporary Restraining Order and Preliminary Injunction; and a Motion to Proceed Via Pseudonym.  ECF Nos. 1-3.  Respondents filed an opposition to the Motion for Temporary Restraining Order on November 18, 2025, ECF No. 11, and petitioner filed a Reply the following

1

day.  ECF No. 13.  On November 18, 2025, as well, the District Judge reassigned the case to the undersigned for all purposes, on the consent of the parties.  ECF No. 12.

On November 20, 2025, the undersigned ordered Respondents to file an answer or return to the petition within 14 days.  ECF No. 14.  On November 24, 2025, the undersigned granted petitioner's motion for a temporary restraining order and ordered respondents to show cause why petitioner's request for preliminary injunction should not be granted.  ECF No. 16.  On November 28, 2025, respondents filed a brief opposing the request for preliminary injunction, indicating non-opposition to the request to proceed via pseudonym, and moving for the proceedings to be held in abeyance pending the resolution of the appeal in *Rodriguez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025).  ECF No. 17.  On December 3, 2025, petitioner filed a reply to respondent's opposition to the motion for preliminary injunction, and an opposition to the request to hold the proceedings in abeyance.  ECF No. 19.

**DISCUSSION**

**A.  Motion to Proceed Via Pseudonym**

A party may proceed anonymously in a federal suit where he shows that nondisclosure of his identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting *United States v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir. 1981)).  To meet this standard, the party must demonstrate that his "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id*. at 1068.  Specifically, the district court should consider "(1) the severity of the threatened harm, . . .; (2) the reasonableness of the anonymous party's fears, . . .; and (3) the anonymous party's vulnerability to such retaliation," and weigh these considerations against "the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice," as well as the public's interest in knowing the identity of the party at issue.  *Id*. at 1068-69 (internal citations omitted).

Here, petitioner has made an adequate showing to justify his proceeding via pseudonym.  Petitioner's underlying immigration action alleges that he experienced threats on his life in

Mexico, leading to his asylum request, and that, if he is repatriated to Mexico, he is at risk of repeated or retaliatory violence. *See* ECF No. 1 ¶¶ 6, 11. These types of concerns are sufficiently severe and reasonable to militate towards granting a request for anonymity, *see Does I thru XXIII*, 214 F.3d at 1069-70, which respondents do not contest. *See* ECF No. 17 at 2. Given that petitioner's identity is known to respondents, there appears no prejudice to his proceeding via pseudonym, *see J.J. v. Olympia Sch. Dist.*, No. C16-5060 BHS, 2016 WL 3597784, at *2 (W.D. Wash. July 5, 2016), and the public's interest in knowing petitioner's identity in this proceeding is minimal, given that, in all other respects, the public's access to information in this case is unfettered. *See id*.; *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011). Accordingly, petitioner's motion is granted.

### B. Motion to Hold Proceedings in Abeyance

Respondents request that the court hold in abeyance the remaining proceedings in this case pending the resolution of the appeal in *Rodriguez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which respondents represent will likely be dispositive to the issues of this case. ECF No. 17 at 2. That request is denied.

A district court possesses inherent discretion to stay civil proceedings before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court may, "[i]n the exercise of a sound discretion . . . hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *see also Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (explaining district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"). In determining whether to stay a case and hold it in abeyance, the district could must weigh "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)).

3

"'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). The respondent "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" within the meaning of this standard. *Lockyer*, 398 F.3d at 1112; *see also Dependable Highway Express*, 498 F.3d at 1066. In all cases, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, respondents have not shown that a stay is appropriate in this proceeding. Respondents argue that "the issues in *Rodriguez* [*v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025)] are likely to be dispositive of the issues in this case," ECF No. 17 at 2, but the record belies this assertion. In *Rodriguez*, the petitioner alleged three causes of action: that the BIA's denial of a bond hearing violated 8 U.S.C. § 1226; that the denial of the bond hearing violated the Administrative Procedures Act; and that the "BIA's chronically delayed adjudication of bond appeals violates the Due Process Clause of the Fifth Amendment and the APA." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1245 (W.D. Wash. 2025). The district court granted the petitioner's motion for preliminary injunction on the first of these grounds, finding petitioner had raised serious questions as to whether his bond hearing denial was unlawful under section 1226 of the INA. *Id*. at 1245, 1255-61, 1263.

In contrast, here, petitioner has alleged that his ongoing detention without a bond hearing violates his procedural and substantive due process rights. ECF No. 1 ¶¶ 96-106. In opposing his request for a temporary restraining order, respondent asserted that petitioner's detention was lawful under section 1226 of the INA. ECF No. 11 at 3-10. The undersigned rejected this, finding that petitioner had shown a likelihood of success on the merits of his constitutional claims because he had sufficiently shown that he was due certain process under the Fifth Amendment prior to his detention, which he had not been given. ECF No. 16 at 9-13. As the undersigned explained, whether section 1226 was properly applied to petitioner was only relevant to petitioner's constitutional claims insofar as (1) that statutory section was itself not constitutionally

infirm, and (2) the section, if constitutional, had been properly applied to petitioner. *Id*. at 5, 8-9, 11. The undersigned concluded that the section had not been properly applied to petitioner and, irrespective of the statutory authority the BIA had invoked, petitioner had been deprived of the process guaranteed to him under the Constitution. *Id*. at 8-13.

In light of this, respondent has not shown that the issues on appeal in *Rodriguez* are dispositive to the issues pending in this case, such that the court should stay proceedings in this case pending resolution of the *Rodriguez* appeal. The court in *Rodriguez* only considered the statutory question of the scope of application of section 1226; it did not consider—and therefore, on appeal the Court of Appeals will not consider—the additional question of whether the process codified in section 1226 accords with the requirements of the Fifth Amendment. *See Rodriguez*, 779 F. Supp. 3d 1239. Hence, even if the Court of Appeals in *Rodriguez* eventually concludes that section 1226, by its text, applies to persons situated similarly to the petitioner, that would leave unresolved the specific issues raised in this case, viz., whether the process to which petitioner was subject violated his procedural and substantive due process rights. This distinction renders it unlikely that any particular judicial economy or efficiency would be served by holding the instant case in abeyance pending the Court of Appeals' decision in *Rodriguez*. *See Am. Life Ins. Co.*, 300 U.S. at 215; *Lockyer*, 398 F.3d at 1110.

Moreover, respondents have not shown that the balance of equities favor issuance of a stay and holding the instant proceedings in abeyance pending resolution of the appeal in *Rodriguez*. *See Clinton*, 520 U.S. at 706. Respondents have made no showing that they will experience any form of "hardship or inequity" without a stay of the proceedings. *See Dependable Highway Express*, 498 F.3d at 1066; *Lockyer*, 398 F.3d at 1112; *Landis*, 299 U.S. at 255; *see generally* ECF No. 17 at 2. Petitioner, in contrast, has shown that the possibility of re-detention without due process creates a risk of substantial, irreparable harm. *See* ECF No. 16 at 13-14. On this record, therefore, respondents have not shown that the court should exercise its discretion to hold the instant proceedings in abeyance. The motion is denied.

////

////

5

**C.  Notice Under Rule 65(a)(2)**

In their response to the court's order to show cause why a preliminary injunction should not issue, respondents rely on the arguments they raised in opposition to the motion for temporary injunction, ECF No. 17 at 1, and to date respondents have filed no answer or return to the petition.  *See* ECF No. 14.  In the interest of judicial economy, the court finds it appropriate and intends to consolidate the request for permanent injunctive relief with the determination of the merits of the petition under Federal Rule of Civil Procedure 65(a)(2).  *See Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice").  Respondents shall file an answer or return to the petition no later than seven (7) days from the date of this order, and petitioner may file a reply or traverse no later than seven (7) days from being served with respondents' answer / return.  Absent a further order of the court, the petition will be taken under submission after the filing of the reply / traverse.  *See* Fed. R. Civ. P. 65(a)(2).

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed via pseudonym (ECF No. 3) is granted.

2. Respondents' motion to hold proceedings in abeyance (ECF No. 17) is denied.

3. Respondents are directed to file an answer/return to the petition no later than seven (7) days from the date of this order.

4. Petitioner's reply/traverse, if any, may be filed not later than seven (7) days after being served a copy of respondents' answer/return.

5. In all other respects, the court's November 24, 2025 Order remains in effect until further order of the court.

DATED:  January 23, 2006

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6